IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES KIRKENDOLL,

       Plaintiff,

vs.                               Civ. No.  09-1006 JP/DJS

JOSH OTZENBERGER, a City of Albuquerque
police officer, MAYOR MARTIN CHAVEZ,
Mayor of the City of Albuquerque, RAYMOND
SCHULTZ, a City of Albuquerque Chief of Police,
GILL GALLEGOS, a former City of Albuquerque
Chief of Police, and the CITY OF ALBUQUERQUE,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       On November 3, 2009, Plaintiff filed Plaintiff's Motion to Remand to State Court (Doc.

No. 12) (Motion to Remand).  Having reviewed the briefs and relevant law, the Court concludes

that the Motion to Remand should be denied.

*A.  Background*

       On August 24, 2009, Plaintiff filed in state court a Complaint to Recover Damages for

Deprivation of Civil Rights and Violation of Tort Claims Act (Complaint).  Plaintiff served a

Summons and a copy of the Complaint on the various Defendants on the following dates:

Defendants City of Albuquerque and Martin Chavez were served on September 3, 2009;

Defendant Raymond Schultz was served on September 4, 2009; Defendant Gill Gallegos was

served on September 10, 2009; and Defendant Otzenberger was served on September 29, 2009.

On October 22, 2009, Defendant Otzenberger filed a Notice of Removal (Doc. No. 2) in this

Court.  Then, on the next day, October 23, 2009, Defendants City of Albuquerque, Chavez,

Schultz, and Gallegos (collectively, City Defendants) filed a Notice of Consent to Removal

(Doc. No. 6).[1]

Plaintiff subsequently filed the Motion to Remand on November 3, 2009.  Plaintiff argues that remand is proper because the Notice of Removal was untimely under 28 U.S.C. §1446(b) which provides that "[t]he notice of removal of a civil action or proceedings shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."  More specifically, Plaintiff contends that the various 30 day removal periods for each of the City Defendants began when Plaintiff effected service on each of those respective Defendants and that all of those 30 day removal periods ended prior to October 22, 2009, the date Defendant Otzenberger filed the Notice of Removal.  Consequently, Plaintiff asserts that since the City Defendants failed to remove the case or consent to removal during any one of their respective 30 day removal periods, the City Defendants could not later remove this case or consent to removal.  Defendant Otzenberger asserts, on the other hand, that the 30 day removal period began on September 29, 2009 when he, the last served Defendant, was served with a Summons and a copy of the Complaint, and that the October 22, 2009 Notice of Removal and Notice of Consent to Removal were timely filed within that 30 day removal period which ended October 29, 2009.[2]

---

[1]Proper removal requires that all defendants join in or consent to the removal.  *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).  This requirement is known as the "rule of unanimity."

[2]Plaintiff correctly notes that the City Defendants did not respond to the Motion to Remand and that this failure to respond indicates that the City Defendants consent to the Motion to Remand.  *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  However, even if the City Defendants consent to the Motion to Remand, the Court is still obliged to address Defendant Otzenberger's opposition to the Motion to Remand.

*B.  Discussion*

Generally, "[r]emoval statutes are to be strictly construed and all doubts are to be resolved against removal."  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982)(citations omitted).  Moreover, the removing party bears the burden of proving "all jurisdictional facts and of establishing a right to removal."  *Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1119 (D.N.M. 1998)(citations omitted).  The right to removal is dependent, in part, on the filing of a timely notice of removal as required under §1446(b).  The requirement of a timely notice of removal is both mandatory and strictly construed.  *McCain v. Cahoj*, 794 F.Supp. 1061, 1062 (D. Kan. 1992).  Section 1446(b), however, fails to indicate when the 30 day period for removal begins.  This ambiguity has led to two different approaches to calculating when that time period begins, i.e., the first served defendant rule in which the 30 day removal period begins when the first defendant is served with a copy of the complaint and the last served defendant rule in which the 30 day removal period begins when the last defendant is served with a copy of the complaint.  The Plaintiff in this case argues that the first served defendant rule should apply[3] while Defendant Otzenberger contends that the last served defendant rule should apply.

The Court observes that the Tenth Circuit has not decided which approach to follow and acknowledges that the more traditional rule, and the rule more widely followed in this District, is

---

[3]Plaintiff also asserts in his reply that the last served defendant rule does not apply at all because the City Defendants' consent to removal was filed outside the 30 day removal period by virtue of the fact that each of the 30 day removal periods for the City Defendants expired prior to the filing of the Notice of Removal.  This assertion merely distracts from the primary issue of when the 30 day removal period starts and whether Defendant Otzenberger timely filed the Notice of Removal.  Once the Court determines if the Notice of Removal was timely filed, then the Court can address the issue of the timeliness of the consent to removal.

the first served defendant rule.  *See, e.g., Elisa C. v. New Mexico Department of Health*, Civ. No.

05-209 BB/WDS, Memorandum Opinion (Doc. No. 57), filed June 28, 2005; *Sedillo Ellis v.

Groupamerica*, Civ. No. 01-953 LH/LFG, Order (Doc. No. 44), filed April 22, 2002; and

*Walther v. Radioshack Corp.*, Civ. No. 02-1001 WJ/LFG, Memorandum Opinion and Order

(Doc. No. 44), filed Nov. 1, 2002.  This Court had also previously applied the first served

defendant rule.  *See, e.g., Starko, Inc. v. New Mexico Human Services Dept.*, Civ. No.  01-268

JP/WWD, Memorandum Opinion and Order (Doc. No. 19), filed June 21, 2001.  Nationwide,

however, the trend in more recent cases indicates a preference for applying the last served

defendant rule.  *See* Wright, Miller, Cooper & Steinman, 14C *Federal Practice and Procedure*

§3731 at 592 (2009 ed.)("Other courts of appeals, as well as many district courts, also now have

rejected the first-served defendant rule in construing Section 1446(b).").  For example, the Third

Circuit in 2009 noted that "[a]lthough the law is not entirely settled, recent authority supports the

last-served defendant rule" and cited the following cases from the Sixth, Eighth, and Eleventh

Circuits which have adopted the last served defendant rule:  *Brierly v. Alusuisse Flexible

Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999); *Marano Enters. of Ks. v. Z-Teca Restaurants,

L.P.*, 254 F.3d 753, 757 (8th Cir. 2001); and *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d

1202, 1205 (11th Cir. 2008).  *Di Loreto v. Costigan*, ___ F.3d ___, 2009 WL 3683784 *3 n.7 (3rd

Cir. 2009).  Only the Fifth Circuit, in a 24 year old case, *Brown v. Demco, Inc.*, 792 F.2d 478,

481-82 (5th Cir. 1986), has explicitly adopted the first served defendant rule.  The Fourth Circuit

in an 18 year old case, *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d

924, 926 n. 3 (4th Cir. 1992), endorsed the first served defendant rule only in *dicta*.  The Ninth

Circuit, like the Tenth Circuit, has not decided which rule to adopt.  *See United Computer

Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002)(acknowledging a split of

4

authority but expressing no opinion on how to resolve the issue).  Finally, the Court notes that in

2009 the Honorable United States District Court Judge James O. Browning departed from this

District's application of the first served defendant rule and, like the majority of Circuit Courts

which have recently decided the issue, adopted the last served defendant rule.  *See Bonadeo v.*

*Lujan*, ___ F.Supp.2d ___, 2009 WL 1324119 (D.N.M.).

   In determining which rule to adopt, the Court finds that the Eleventh Circuit's discussion

in *Bailey* to be both instructive and persuasive.  The Eleventh Circuit observed first that "the

trend in recent case law favors the last-served defendant rule."  *Bailey*, 536 F.3d at 1205.  The

Eleventh Circuit further stated that

> we are convinced that both common sense and considerations of equity favor the last-
> served defendant rule.  The first-served rule has been criticized by other courts as being
> inequitable to later-served defendants who, through no fault of their own, might, by
> virtue of the first-served rule, lose their statutory right to seek removal. Both the Eighth
> and Sixth Circuits endorsed the last-served defendant rule, at least in part, for equitable
> reasons.

*Id*. at 1206.  Moreover, the Eleventh Circuit adopted the Sixth Circuit's conclusion that upon

examination of the plain language of §1446(b) it was "naturally reluctant" to read into §1446(b)

the word "first" before "defendant."  *Id*. at 1207 (quoting and citing *Brierly*, 184 F.3d at 533).  In

addition, the Eleventh Circuit agreed with the Eighth Circuit in *Marano* that the United States

Supreme Court decision in *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*,  526 U.S. 344

(1999) supports the last served defendant rule.  The United States Supreme Court held in *Murphy*

*Bros.* that the 30 day removal period cannot begin until a defendant has been formally served

with a copy of the complaint; mere receipt of a copy of the complaint without formal service

does not start the 30 day removal period.  *Id*. at 353-54.  The Eleventh Circuit noted that

"*Murphy Brothers* supports the last-served defendant rule because a defendant has no obligation

to participate in any removal procedure prior to his receipt of formal service of judicial process. Contrary to *Murphy Brothers*, the first-served defendant rule would obligate a defendant to seek removal prior to his receipt of formal process bringing him under the court's jurisdiction." *Bailey*, 536 F.3d at 1208. Furthermore, the Eleventh Circuit "was unpersuaded by the rationale behind the first-served rule." *Id*. The Eleventh Circuit explained:

> Those courts that have endorsed the first-served rule have generally done so for two reasons: (1) it is perceived as more consistent with the unanimity rule for notices of removal; and, (2) courts are to narrowly construe the removal statute and federal jurisdiction.
>
> ... The last-served rule is not inconsistent with the rule of unanimity. Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of removal must have the unanimous consent of the defendants. The unanimity rule alone does not command that a first-served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal; it only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal.
>
> Although it is true that we have stated previously that "all uncertainties as to removal jurisdiction are to be resolved in favor of remand," we do not find that strict construction of the removal statute necessarily compels us to endorse the first-served defendant rule in light of the Supreme Court's decision in *Murphy Brothers*, 526 U.S. at 347-48, 119 S.Ct. at 1325. *See Marano*, 254 F.3d at 756 (noting that the *Murphy Brothers* Court appeared to relax its strict constructionist approach to interpreting the removal statute); *see also Murphy Bros.*, 526 U.S. at 357, 119 S.Ct. at 1330 (Rehnquist, C.J., dissenting)(stating that the *Murphy Brothers* decision "departs from this Court's practice of strictly construing removal and similar jurisdictional statutes").

*Id*. at 1207 (some citations omitted).

Considering the recent nationwide trend toward adopting the last served defendant rule and the persuasive reasoning in *Bailey*, the Court, like Judge Browning, is convinced that the last served defendant rule is the better rule and should be the rule adopted by this Court. Applying the last served defendant rule to this case, the Court determines that both the Notice of Removal and the City Defendants' consent to removal were timely. Hence, Plaintiff's Motion to Remand

should be denied.

IT IS ORDERED that Plaintiff's Motion to Remand to State Court (Doc. No. 12) is denied.


_____
SENIOR UNITED STATES DISTRICT JUDGE